**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LOZANO CHAMU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1887

Agency No.
A205-710-607

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2023**
Portland, Oregon

Before: GILMAN, KOH, and SUNG, Circuit Judges.***

Jose Lozano Chamu, a Mexican citizen, petitions for review of the Board of

Immigrations Appeals' (BIA) dismissal of his appeal. The BIA dismissed Lozano

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Chamu's appeal of the Immigration Judge's (IJ) decision, denying Lozano Chamu's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the parties are familiar with the facts, we do not restate them here. For the reasons stated below, we deny the petition.

We review questions of law de novo and the agency's factual findings for substantial evidence. *Vilchez v. Holder*, 682 F.3d 1195, 1198–99 (9th Cir. 2012).

1. Lozano Chamu does not challenge the BIA's decision as to the asylum application. Accordingly, we find any arguments as to the asylum application have been forfeited. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (holding that where petitioner "fail[ed] to develop [an] argument in [their] opening brief, [they] forfeited it").

2. To prevail on the withholding application, Lozano Chamu must show that if he is returned to Mexico, there is "a clear probability of persecution because of a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quotation omitted). Lozano Chamu concedes that he has suffered no harm in Mexico, but argues that because his family members suffered harm there, he meets his burden. The BIA, however, found that Lozano Chamu failed to show a clear probability of future persecution because: (1) he had never been "harmed, threatened, or targeted by anyone in Mexico," (2) the last time a family member of

2

Lozano Chamu's received a threatening phone call was three years before he filed his application, and (3) Lozano Chamu's family "continues to live unharmed in Mexico." On these facts, we conclude that substantial evidence supports the denial of the withholding application. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (holding that a fear of persecution is significantly weakened where similarly-situated family members living in the home country are unharmed—especially where petitioner's fear rests solely on threats received by family).

3.      Finally, substantial evidence supports a denial of CAT protection. Lozano Chamu bears the burden of proving "that it is more likely than not that . . . [he] would be tortured if removed to [Mexico]." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021) (quotation omitted). Lozano Chamu has not made that showing here. Despite the tragic events that Lozano Chamu's family members have suffered, substantial evidence shows only a fear of generalized violence, not a specific risk that Lozano Chamu would be tortured. *See id.* (denying CAT protection where petitioner suffered no harm, but family member had been killed and petitioner feared generalized violence in Honduras).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied.